Houck, J.
The suit below was to recover on a beneficiary certificate issued on the 14th day of July, *211 1914, by the plaintiff in error, on the life of Harry Clelland, now deceased. The defendant in error was the beneficiary named in the certificate. Upon ■issue joined, as made by the petition, answer and reply, the cause was submitted to a jury in the court of common pleas upon the evidence and charge of the court, and after due deliberation a verdict was returned for the plaintiff, Mary Clelland. A motion for a new trial was filed by the plaintiff in error, the defendant below, which the trial judge overruled, and entered a judgment on the verdict.
Error is here prosecuted seeking a reversal of the judgment below, and numerous grounds of alleged error are set out in the petition in error, but in oral argument counsel for plaintiff in error insisted upon but three: (a) That the court erred in not sustaining defendant’s motion, after all the evidence was offered, instructing the jury to return a verdict for the defendant; (b) that the trial court erred in its charge to the jury; (c) that the trial court erred in not sustaining the motion of defendant below for a new trial.
We will discuss the alleged errors together, and in doing so will for convenience refer to the parties as they stood in the court below. An examination of the record discloses that the defendant admitted issuing a membership certificate to the deceased; his death; the presentation by plaintiff of a claim for death benefit; and the refusal to pay the claim. In its answer the defendant set up as an affirmative defense that the deceased member had made false representations in his application for membership; had warranted these representations *212 to be true; and had agreed to forfeit all rights under his membership should these representations be false. The reply of plaintiff in substance denied all of the material allegations of defense set forth in the answer of the defendant. The record further discloses that at the trial it was.agreed by counsel in the case, and concurred in by the court, that the burden of proof was upon the defendant; and thereupon defendant offered its evidence in the case, and to maintain the issues raised by the answer defendant offered in its support the application of Harry Clelland, the benefit certificate, and the testimony of three physicians.
The real basis of the defense of defendant was that the member, Harry Clelland, in his application for membership, made certain statements as to his health, that the answers to the interrogatories concerning such health were made by him to Dr. C. G. Axline, the local camp physician and examiner, and that they were written down by said examiner, and after they were so written the said Harry Clelland signed the application; that the application contained a warranty that all of the answers to all of the questions were true, and an agreement that if any of said answers were untrue the membership of applicant and all rights under the certificate of membership, and the insurance thereunder, should be null and void. Defendant insists that among other answers in the application were some to the effect that Harry Clelland did not at any time previous 'to his application have any disease of the nervous system, nor any disease of the' kidneys, nor any disease of dropsical swellings. It is urged by counsel for plaintiff in error that the *213 evidence conclusively shows that the deceased had suffered with at least three diseases specifically mentioned in the application, a short time before signing the same; that in said application said Harry Clelland denied that he ever had any of these diseases; and that in said application he agreed to forfeit -all rights against said beneficial society if any of the answers so made in his application were false or untrue.
It is maintained by counsel for defendant in error that this claim is untrue and is not supported by the evidence submitted at the trial of the case. It is further urged by the defendant in error that the plaintiff in error is estopped from making the claim relied upon by it because Harry Clelland in his application had given in reply to the question “Diseases or injury?” the answer “Break-down from overwork, date 1910, duration one and one-half years.”
We are of the opinion that the claim made by the defendant in error in this respect is well taken, because it can not properly be contended that the beneficial association can rely upon part of the answers to questions contained in the application and ignore the answer or answers to certain other ■questions. The application must be taken as a whole, and from if must be determined whether or not any answer or answers to questions were falsely made; or whether at the time of making such answers the applicant knew they were false ■or not.
But passing this question, because we do' not deem it decisive of the case at bar, we now come to the real question involved in this controversy, *214 ¡namely, Did Harry Clelland make any misrepresentations in 'his application for membership ? This was a question of fact to be determined by the jury under all the evidence in the case and under proper instructions by the trial judge as to the law governing the established facts.
If is a well-known rule of law that litigants in jury trials have the right to submit the evidence to the jury — the weight and sufficiency of such evidence to be passed upon by the jury. It therefore follows that it was within the province of the jury to determine the true question involved in this case, and it is not within the province of a reviewing court to set aside the verdict of a jury as being against the weight of the evidence, unless it was manifestly so. Although a reviewing court, under the same state of facts, might have rendered a different verdict than the jury did, if it had been sitting as a jury in the trial of the case, yet it was for the jury to determine the facts and to weigh the evidence^ and that being true, we can not say in the present case that it was improperly done.
Plaintiff in error maintains that the trial judge in his general charge committed errors of law. We have examined the charge with much care and we find that the claim of plaintiff in error in this respect is not well taken. Learned counsel for plaintiff in error also insist that the motion for a new trial should have been sustained, and to this claim we do not agree. An examination of the record discloses that before argument of the case the plaintiff in error, the defendant below, requested the court to give certain propositions of law to the jury. These requests were made in *215 writing and were given to the jury, and are as follows:
“First. If you find from the evidence that Harry Clelland ever had any disease of the liver before his application for membership in defendant, your verdict must be in favor of the defendant, whether he knew of such disease or not.
“Second. If you find from the evidence that Harry Clelland ever had any disease of the nervous system before his application for membership in defendant, your verdict must be in favor of defendant, whether he knew of such disease or not.
“Third. If you find from the evidence that Harry Clelland ever had any dropsy or dropsical swellings before his application for membership irf defendant, your verdict must be in favor of defendant, whether he knew of such condition or not,”
We have examined these propositions of law and find them sound and clearly applicable to the facts in the case at bar. In view of this we do not understand how plaintiff in error can' now complain of the verdict in this case, because the main issue to be determined in this controversy was Whether or not the alleged statements made by Harry Clelland in his application were false or not, and the law, as given to the jury in these special requests before argument, which were given at the instance of the plaintiff in error, fully and completely covered every phase of the case, so far as the vital question at issue was involved. It therefore seems to us that no prejudicial error appears in the record in this case that would justify a reviewing court in reversing the' judgment of *216 the -court below, and the judgment of the common pleas court is affirmed.

Judgment affirmed.

Powell and Shields, JJ., concur.